**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:09CR187 |
| v. | § | |
| | § | |
| PAUL HUBERT GOVE III | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
**DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress (Dkt. 15). After considering the evidence presented and the arguments of counsel at the January 28, 2010 hearing, the Court finds that the motion should be DENIED.

Defendant has filed a motion to suppress evidence seized during the execution of a search warrant at his home on November 9, 2007. Defendant is charged in this matter with violation of 18 U.S.C. § 2252(a)(4)(B), possession of child pornography.

During the search of Defendant's home pursuant to a search warrant, law enforcement officials discovered a computer containing images of child pornography. The search of Defendant's home was conducted pursuant to a search warrant issued by the undersigned.[1] Defendant argues that

---

[1]The Court notes the potential conflict this could present. While the Court can find no Fifth Circuit authority regarding whether recusal would be warranted when a magistrate judge is asked to review his own search warrant during a suppression hearing, appellate courts in at least three other circuits have held that it is not. *See U.S. v. Slay*, 714 F.2d 1093, 1094-1095 (11th Cir. 1983) (no grounds for recusal when magistrate judge's decision to deny the defendant's motion to suppress was based on an impartial consideration of the testimony and the physical evidence presented at the hearing and where there was no suggestion that the magistrate judge considered

the search warrant was not based on probable cause and thus seeks exclusion of the evidence seized.

At the hearing, the Government offered testimony of Special Agent Karla Brainard with the F.B.I., the affiant for the affidavit supporting the search warrant here. Defendant did not present any evidence or witnesses to the Court in support of his position.

### ANALYSIS

Probable cause is necessary to support the issuance of a valid search warrant. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). "Probable cause does not require proof beyond a reasonable doubt, but only a showing of the probability of criminal activity." *United States v. Daniel,* 982 F.2d 146, 151 (5th Cir. 1993). Probable cause is determined through an examination of a totality of the circumstances. *U.S. v. Fields*, 456 F. 3d 519, 523 (5th Cir. 2006). Thus, in determining the validity of this search warrant, this Court must "make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit..., there is a fair probability that contraband or evidence of a crime will be found at a particular place." *United States*

---

any extrajudicial source of knowledge or had any personal bias or prejudice); *U.S. v. Lawson*, 780 F.2d 535 (6th Cir. 1985) (it was not improper for same judge who originally authorized wiretap to make suppression decision with regard to intercepted material); *U.S. v. Jones*, 801 F.2d 304 (8th Cir. 1986) (party seeking recusal of issuing magistrate judge must show personal bias or prejudice stemming from extrajudicial source). *See also U.S. v. Murray*, 1985 WL 13132, 2 (6th Cir. 1985) (noting that the frequent recusal of judges in such situations could lead to serious procedural headaches for the federal court system). While no party has sought to recuse the undersigned in evaluating the motion to suppress, the Court's recommendation herein is based on the testimony presented at the hearing and a *de novo* review of the search warrant affidavit. Further, both parties will have an opportunity to object to this report and for the District Court to conduct a *de novo* review of the issues presented herein. Therefore, absent clear authority or argument to the contrary, the Court finds that this motion is properly before it. *See also United States v. Henry*, 2008 WL 5110856 (N.D. W. Va. 2008) (containing discussion of circuit decisions regarding propriety of magistrate judge making findings regarding validity of search warrant originally issued to him).Moreover, Defendant's counsel stated he had no opposition.

*v. Froman,* 355 F.3d 882, 889 (5th Cir. 2004) (citations omitted).

The Court finds that probable cause existed to support the issuance of a warrant to search the Defendant's residence and to seize the items taken pursuant to the warrant here. Special Agent Brainard testified about the investigation conducted prior to submitting the search warrant affidavit to this Court. According to Brainard, she received a lead from Amanda Hinton, an F.B.I. agent in Houston regarding Defendant. Hinton was apparently contacted by Defendant's brother regarding his concern that his brother was in possession of inappropriate pictures of young boys.

As set forth in the affidavit, Defendant's brother indicated that he saw images of "partially nude boys" on Defendant's camera. The brother reported that this discovery caused him concern and caused him to look on Defendant's laptop computer. The brother reported that he found hundreds of pictures of boys in "various states of undress" on the laptop.

Upon receiving this information from Hinton, Brainard contacted Defendant's brother and confirmed the information provided. Brainard also confirmed Defendant's address in Plano in preparing the affidavit. According to Brainard, multiple computer media and equipment were seized as a result of the search.

First, the Court finds that, even though Defendant's brother was not a regular informant, Brainard reasonably relied on his report in preparing the affidavit. "When an average citizen tenders information to the police, the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case." *United States v. Blount*, 123 F.3d 831, 836 (5th Cir. 1997); *see also U.S. v. Payne*, 341 F.3d 393, 401 (5th Cir. 2003) ("If the veracity of an informant's statement can otherwise be determined, the basis for the informant's knowledge need not necessarily accompany every fact reported by the

informant"). There is no indication here or evidence tendered that the F.B.I. had any reason to question Defendant's brother's credibility.

The Court is also not persuaded by Defendant's argument that there was an insufficient showing in the affidavit to show the process through which agents determined there was a computer in Defendant's home that would contain pornographic images. As indicated by the affidavit, Defendant was a guest in his brother's home – shortly after the death of their father – when his brother observed the images on *Defendant's* laptop and camera. *See U.S. v. Streetman*, 207 Fed. Appx. 414, 417 (5th Cir. 2006) (finding informant reliable when she lived in Defendant's home and provided information from her own knowledge including a description of the computer and its location in the house). Defendant's brother told the agent that, when Defendant returned home, he took his laptop with him to his residence in Plano. According to the affidavit, Brainard verified Defendant's permanent address in Plano provided by Defendant's brother in a public database (as well as his date of birth) and confirmed with his landlord that Defendant was the only individual on the lease. *See, e.g., U.S. v. McGaughey*, 200 Fed. Appx. 305, 306 (5th Cir. 2006) (affirming denial of motion to suppress where informants independently provided the police with firsthand knowledge of Defendant's name, address, and place of work, and the police verified the accuracy of this information before seeking the warrant). In light of all the facts and circumstances outlined in the affidavit – especially the inherently portable nature of both the laptop and camera indicated by common sense – the Court finds that the affidavit sufficiently establishes that Defendant's permanent address was a place where evidence of a crime could be discovered.

According to the affidavit, on the laptop, Defendant's brother discovered several hundred photos of boys ranging in age from 4-16 in "various states of undress," and on his camera, he saw images of "partially nude boys." *See* Dkt. 17. The affidavit does not contain any additional details about the nature of the photographs seen. Defendant argues that, because the affidavit did not indicate that the images were sexually explicit or lascivious in nater, as required by 18 U.S.C. §2256(8) for an image to constitute child pornography, it is insufficient for a probable cause finding.

The Court finds that the affidavit sufficiently establishes probable cause that Defendant was in possession of child pornography. It is clearly stated in the affidavit that Defendant's brother reported that he searched the laptop for the additional images out of concern for his own children at his home. The Government argues — and the Court agrees — that a layperson cannot be expected to specifically describe the acts depicted in the images for there to be probable cause. Defendant's brother's concern for the safety of children supports the informant's and affiant's belief that Defendant was in possession of child pornography. *See, e.g., U.S. v. Flanders*, 468 F.3d 269, 271 (5th Cir. 2006) ("the act of digitally photographing a naked child whom the defendant had allegedly previously sexually exploited provides direct support for the search for child pornography"); *United States v. Payne,* 341 F.3d 393, 401 (5th Cir.2003) (where an affidavit states, *inter alia,* that a defendant has taken sexually explicit photographs of a minor, the affidavit supports a search for child pornography). According to her testimony and affidavit, Brainard has had extensive experience and training over the past five years regarding child exploitation crimes over the internet. And, in the affidavit, she sets forth the common characteristics of collectors of child pornography gleaned from this experience and training, including the tendency to collect child erotica which does not rise to

the level of pornography but fuels deviant sexual fantasies and is frequently accompanied by possession of child pornography. Based on the totality of the circumstances, number of images observed by the brother, and significant age range of the subjects depicted, the Court finds that the affidavit establishes a "fair probability" that the images were graphic or lascivious in nature. *Safford Unified School Dist. No. 1 v. Redding*, 129 S. Ct. 2633, 2639 (2009) (noting that probable cause is based on a "fair probability," or a "substantial chance," of discovering evidence of criminal activity) (citing *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L. Ed.2d 527 (1983)); *U.S. v. Everett*, 237 F.3d 631 (5th Cir. 2000).

Under the totality of the circumstances, the Court finds there was sufficient probable cause to issue the warrant. Moreover, even if probable cause had been insufficient here – which the Court finds that it was not – having heard the testimony offered, the Court finds that sufficient evidence was presented to show that the seizing officers acted in good faith reliance on the search warrant. "The good-faith exception provides that where probable cause for a search warrant is founded on incorrect information, but the officer's reliance upon the information's truth was objectively reasonable, the evidence obtained from the search will not be excluded." *United States v. Cavazos,* 288 F.3d 706, 709 (5th Cir. 2002). Nothing was presented to the Court to indicate that any of the information contained in the affidavit was deliberately false or misleading. Defendant has not made any showing of bad faith by any law enforcement officer connected to this case.

Therefore, the Court recommends that the District Court **DENY** Defendant's Motion to Suppress.

Within fourteen days of service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of January, 2010.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE